**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ | |
| NATIONAL ASSOCIATION OF )<br>CRIMINAL DEFENSE LAWYERS, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EXECUTIVE OFFICE FOR UNITED )<br>STATES ATTORNEYS and UNITED )<br>STATES DEPARTMENT OF JUSTICE )<br>)<br>)<br>Defendants. )<br>_____) | Civil Action No. 14-cv-269 (CKK) |

**ANSWER**

Defendants Executive Office for United States Attorneys ("EOUSA") and United States

Department of Justice ("DOJ"), through their undersigned counsel, hereby answer Plaintiff's

Complaint in the above-captioned matter as follows:

**INTRODUCTION**

1.      This paragraph consists of Plaintiff's characterization of its Complaint, to which

no response is required.

2.      The first sentence of this paragraph consists of Plaintiff's characterization of its

Complaint, to which no response is required.  Defendants lack knowledge or sufficient

information to form a belief as to the truth of the second sentence, but admit that DOJ personnel

have referred to the Office of Legal Education's book entitled "Federal Criminal Discovery" as

the "Federal Criminal Discovery Blue Book."

Case 1:14-cv-00269-CKK   Document 8   Filed 04/03/14   Page 2 of 7

3.      The first sentence of this paragraph does not concern facts showing that Plaintiff is entitled to relief under FOIA, as required under Fed. R. Civ. P. 8(a)(2), so no response is required.  The remaining sentences consist of quotations from public documents, which speak for themselves and do not require a response.

4.      Defendants admit that Plaintiff's FOIA request was dated December 20, 2012, although it was received by DOJ on December 27, 2012.  The remaining sentences of this paragraph consist of Plaintiff's arguments and legal conclusions, to which no response is required.

5.      Defendants admit that Plaintiff's FOIA request was denied by a letter dated February 28, 2014, but deny that this denial was improper.  The second, third, and fourth sentences are admitted.

6.      This paragraph consists of Plaintiff's arguments or legal conclusions, to which no response is required.

7.      This paragraphs consists of Plaintiff's arguments, statements of law, or legal conclusions, to which no response is required.

### JURISDICTION AND VENUE

8.      This paragraph asserts legal conclusions regarding jurisdiction, to which no response is required.

9.      This paragraph asserts legal conclusions regarding venue, to which no response is required.

### PARTIES

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.     Defendants admit that DOJ is a Department of the Executive Branch of the United States government and that it has possession of the records requested by Plaintiff.  The remaining allegations in this paragraph consist of Plaintiff's characterization of its lawsuit or legal conclusions, to which no response is required.

13.     The first and second sentences are admitted.  Defendants also admit that EOUSA is in possession of the records requested by Plaintiff.  The remaining allegations in this paragraph consist of Plaintiff's characterization of its lawsuit or legal conclusions, to which no response is required.

## STATUTORY FRAMEWORK

14-23.  These paragraphs consist of statements of law or legal conclusions, to which no response is required.

## FACTUAL ALLEGATIONS

24-28.  The allegations in these paragraphs do not concern facts showing that Plaintiff is entitled to relief under FOIA, as required under Fed. R. Civ. P. 8(a)(2).  Accordingly, no response is required.

29.     This paragraph consists of statements of law or legal conclusions, to which no response is required.

30.     This paragraph consists of Plaintiff's argument or legal conclusions, to which no response is required.

31.     The first and third sentences of this paragraph consist of Plaintiff's arguments or legal conclusions, to which no response is required.  The second sentence does not concern facts

showing that Plaintiff is entitled to relief under FOIA, as required under Fed. R. Civ. P. 8(a)(2), so no response is required.

33. The first two sentences of this paragraph do not concern facts showing that Plaintiff is entitled to relief under FOIA, as required under Fed. R. Civ. P. 8(a)(2), so no response is required. The third and fourth sentences consist of Plaintiff's arguments or legal conclusions, to which no response is required.

33. Defendants admit that Plaintiff's FOIA request was dated December 20, 2012, but deny that it was served that day. The FOIA request was received by DOJ on December 27, 2012. The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required.

34. Admitted.

35. Admitted.

36. Defendants admit that Plaintiff's FOIA administrative appeal letter was dated April 26, 2013, and that it was received by DOJ that day, but Defendants lack sufficient information to know when this letter was sent. The second and third sentences consist of Plaintiff's characterization of its FOIA administrative appeal letter, to which no response is required.

37. Admitted.

38. Admitted.

39. This paragraph consists of Plaintiff's arguments, statements of law, or legal conclusions, to which no response is required.

40. This paragraph consists of Plaintiff's argument, statements of law, or legal conclusions, to which no response is required.

41.     The first sentence of this paragraph consists of Plaintiff's argument or a legal conclusion, so no response is required.  The second sentence consists of quotations from a public document, which speaks for itself and does not require a response.  The third paragraph consists of Plaintiff's argument or legal conclusions, to which no response is required.

42-48.   These paragraphs consist of Plaintiff's argument, statements of law, or legal conclusions, to which no response is required.

## FIRST CAUSE OF ACTION

49.     This paragraph re-alleges and incorporates by reference all preceding paragraphs. To the extent a response is deemed required, Defendants refer the Court to their responses to the preceding paragraphs.

50.     This paragraph consists of statement of law, to which no response is required.

51.     Defendants admit that the book "Federal Criminal Discovery" has not been published in the Federal Register.  The remaining allegations in this paragraph consist of Plaintiff's argument and legal conclusions, to which no response is required.

52.     This paragraph consists of Plaintiff's arguments or legal conclusions, to which no response is required.

53.     This paragraph consists of Plaintiff's argument, statements of law, or legal conclusions, to which no response is required.

## SECOND CAUSE OF ACTION

54.     This paragraph re-alleges and incorporates by reference all preceding paragraphs. To the extent a response is required, Defendants refer the Court to their responses to the preceding paragraphs.

55.     This paragraph consists of statements of law, to which no response is required.

56.     This paragraph consists of Plaintiff's characterization of its FOIA request, to which no response is required.

57.     The paragraph consists of a legal conclusion, to which no response is required.

**REQUEST FOR RELIEF**

The remaining paragraphs of the Complaint contain Plaintiff's requested relief, to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the remaining paragraphs of the Complaint and aver that Plaintiff is not entitled to any relief.

Defendants hereby deny all allegations in Plaintiff's Complaint not expressly admitted or denied.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants assert that Plaintiff is not entitled to the relief requested, or to any relief whatsoever, and that the information Plaintiff seeks is protected from disclosure by one or more statutory exemptions. Accordingly, Defendants request that this action be dismissed in its entirety with prejudice and that Defendants be given such other relief as this Court deems proper, including costs and disbursements.

Dated:  April 3, 2014                                Respectfully submitted,

                                                     STUART F. DELERY
                                                     Assistant Attorney General

                                                     JOHN R. TYLER
                                                     Assistant Director
                                                     Federal Programs Branch

                                                     /s/ *Héctor G. Bladuell*_____
                                                     HECTOR G. BLADUELL
                                                     Trial Attorney (DC Bar # 503277)
                                                     United States Department of Justice
                                                     Civil Division, Federal Programs Branch

20 Massachusetts Avenue N.W.
Washington, D.C. 20001
Telephone: (202) 514-4470
Fax: (202) 616-8470
hector.bladuell@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of April 2014, I caused a copy of the foregoing Answer to be filed electronically and that the document is available for viewing and downloading from the ECF system.

/s/ Héctor G. Bladuell